SHIVERS, Chief Judge.
The employer/carrier (E/C) in this workers’ compensation case appeal an order directing them to pay claimant’s attorney’s fees on the basis that the E/C acted in bad faith. The claimant cross-appeals the judge of compensation claims’ (JCC’s) calculation of the amount of fees. We affirm the order on appeal, finding there to be ample evidence in the record to support the E/C’s bad faith resistance of claimant’s claim for permanent total disability and attendant care benefits. However, we reverse the portion of the order setting the amount of attorney’s fees for the reasons set out below.
At the January 1990 hearing on the issue of attorney’s fees, claimant introduced into evidence the affidavit of his attorney, Curtis Goff, listing the present value of claimant’s total benefits as $423,-411.16, and calculating the statutory guideline attorney’s fee to be $64,261.69. An attached fee affidavit listed the total number of hours expended on the case as 184.-75. In his February 16, 1990 order awarding fees, the JCC found claimant’s attorney to have expended 184 hours in securing claimant’s benefits, accepted Goff’s finding of the present value of claimant’s benefits, and found that the scheduled fee set out in section 440.34, Florida Statutes was appropriate “in that no evidence was offered as to why the same should be increased or decreased.” The JCC then stated as follows:
Applying the statutory formula contained in Florida Statute 440.34, a guidelines attorney’s fee in this case would be $64,261.69. In considering the various criteria which have referred to above, and carefully considered by the undersigned, along with the affidavit or deposition testimony as to the appropriate amount attorney’s fee to be awarded in this case, I find that virtually all the criteria dictates that the attorney’s fee to be awarded in this case, be a guidelines fee. Based upon all of these factors hereby fiiid that a reasonable attorney’s fee to be awarded the Claimant’s attorney is the sum of $49,660.00.
Because the JCC’s reduction of the guideline fee by almost $15,000, without explanation, appears to be a mistake, we reverse that portion of the order and remand for the JCC to either correct the amount, or to enter a modified order explaining why the guideline fee was reduced after having found that a guideline fee would be appropriate.
AFFIRMED in part; REVERSED and REMANDED.
BOOTH and ALLEN, JJ., concur.